# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| THURMAN DEE PAYNE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 08-3057-CV-S-RED-H |
| DAVID SCHLINK and ) | |
| MARTY C. ANDERSON, Warden, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it will be recommended that he be denied leave to proceed in forma pauperis.

After a Show Cause Order was entered, the United States filed its response. Thereafter, petitioner filed a traverse.

Petitioner alleges that he is at the Medical Center as a low security work cadre prisoner, and is currently housed at a high level administrative medical facility. He contends that his life is in danger because he has been subjected to a dangerous research project without his consent. It is his position that Dr. Schlink is forcing him to participate in an experimental research project that involves psychologists observing the interactions between severely mentally ill inmates and work cadre inmates, which causes him to be subjected to a pervasive risk of harm in violation of the Eighth Amendment. It is his contention that he has observed serious assaults by severely mentally

1

ill patients against work cadre inmates. He also asserts that the Regional Director improperly rejected his administrative remedy, and that because he demonstrated his efforts to informally resolve the issues with the Psychology Department at the Medical Center, he has exhausted his administrative remedies. Petitioner requests that he be transferred to a low security facility in the Western Region and that the Court should prohibit the placement of low security work cadre prisoners at the Medical Center into general population with mentally ill inmates.

Respondent contends that it has been explained to petitioner in several administrative remedy responses addressing his transfer to the Medical Center that although staff members at FCI, Bennettsville, South Carolina, submitted him for a lesser security transfer to the Western Region, the transfer was denied due to population issues in that region. Therefore, he was transferred to the low security work cadre unit at the Medical Center because he is classified as a medical care level one inmate, and the Medical Center was in need of additional low security medical care level one inmates. It is also asserted that petitioner has failed to exhaust administrative remedies, given that he never obtained or completed an Informal Resolution Form prior to submitting his Administrative Remedy. It is also asserted that matters such as prisoner classification and eligibility for rehabilitative programs are delegated to the discretion of the Bureau of Prisons ["BOP"], and that the Due Process Clause does not afford him the right to be housed in a particular prison or to have a specific prison classification.

The law is clear that pursuant to Moody v. Daggett, 429 U.S. 78, 88 (1976), the BOP's prison classification system does not confer a protected right, and the classification system is entirely within the discretion of prison officials. See 18 U.S.C. § 4081; Carney v. Houston, 33 F.3d 893, 984-95 (8th Cir. 1994). Further, inmates have no right to serve a sentence in a particular

2

institution. Olim v. Wakinekona, 461 U.S. 238, 242 (1983). Accordingly, despite petitioner's desire to be housed at a different institution, he has no constitutional right to the housing of his choice.

Petitioner also asserts that he is in danger because of being housed with severely mentally ill inmates. Regardless of petitioner's contentions, the record indicates that he has failed to fully and properly exhaust administrative remedies. The BOP requires that he first seek informal resolution of his claim by filing a BP-9 form with his case manager, and then, if necessary, appeal the denial of relief. Institution Supplement 1330.13(f), Administrative Remedy Program; see 28 C.F.R. Part 542; United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006). Petitioner contends that he was denied the right to exhaust his administrative remedies when the Regional Director improperly rejected his administrative remedy as non-sensitive.

Respondent states that if the Regional Director does not deem the administrative remedy as sensitive, it is rejected and the inmate is advised to file his administrative remedy first with Warden, as required under 542.14(c)(4). According to the Attorney Advisor at the Medical Center, petitioner has not completed an Informal Resolution Form prior to submitting his Administrative Remedy, and that to initiate the administrative remedy process, he need only submit the form to his correctional counselor and the process will be initiated.

Because petitioner has failed to state a constitutional violation and has failed to fully exhaust the appropriate administrative remedies available to him, his claims are not properly before the Court pursuant to 28 U.S.C. § 2241. Accordingly, it must be recommended that the petition for writ of habeas corpus be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate
Judge

Date: August 1, 2008